UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIELLE CAMBLARD | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:09-cv-985 (JCH) |
| v. | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF CHILDREN | : | JULY 20, 2010 |
| AND FAMILIES | : | |
|    Defendant. | : | |

**RULING RE: DEFENDANT'S MOTION TO DISMISS (DOC. NO. 10)**

**I.    BACKGROUND**

Plaintiff Danielle Camblard filed this Complaint (Doc. No. 1) on June 22, 2009, alleging that she was discriminated against on the basis of her race by her employer, the Connecticut Department of Children and Families ("DCF"). Specifically, Camblard alleges that she suffered disparate treatment, wrongful termination, and unlawful retaliation for protected speech in violation of 42 U.S.C. section 2000e *et seq.* and Connecticut General Statute section 46a-60(a)(1). See Complaint at 1.

Although Camblard served a copy of the Summons and Complaint upon the Office of the Attorney General on June 23, 2009, that service was insufficient. See Plaintiff's Reply to Defendant's Mot. to Dismiss (Doc. No. 11) at 3. Accordingly, on November 13, 2009, the court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute by December 1, 2009. See Order (Doc. No. 6). On November 18, 2009, plaintiff properly served defendant, and the Return of Service was filed with the court on December 1, 2009.

DCF now moves the court to dismiss the Complaint for failure to properly serve the defendants. See Mot. to Dismiss (Doc. No. 10). For the following reasons, the Motion to Dismiss is denied.

## II.     STANDARD OF REVIEW

In reviewing a Motion to Dismiss, a court must construe a plaintiff's complaint liberally and draw all reasonable inferences in favor of the plaintiff. See Burch v. Poineer Credit Recovery, Inc., 551 F.3d 122, 124 (2d Cir. 2008). Under Rule 12(b)(5), a party may file a motion to dismiss due to insufficiency of service of process. FED. R. CIV. P. 12(b)(5). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." Cole v. Aetna Life & Cas., 70 F.Supp.2d 106, 110 (D. Conn. 1999).

Federal Rule of Civil Procedure 4(m) governs both (1) the dismissal of actions for untimely service of process and (2) extensions of time in which service may be effected. See Zapata v. City of New York et al., 502 F.3d 192, 196 (2d Cir. 2007). If the plaintiff shows "good cause for the failure" to serve, the district court "shall" grant an "appropriate" extension of time in which to serve. FED. R. CIV. P. 4(m). In addition, district courts have discretion to permit an extension of time for service without good cause shown. See Henderson v. United States, 517 U.S. 654, 662-63 (1996) (quoting FED. R. CIV. P. 4(m) Adv. Comm. Notes).

As a general matter, "[g]ood cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay." AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000). Moreover, an extension of time may be proper when actual notice in

the absence of technical service minimizes prejudice to a defendant while plaintiffs may face severe prejudice due to a statute of limitations issue. See Jackson v. Connecticut, 244 F.R.D. 144, 146 (D. Conn. 2007).

## III.     DISCUSSION

DCF argues that the Complaint should be dismissed because service was not made within one hundred and twenty (120) days of its filing as required by Rule 4(m) of the Federal Rules of Civil Procedure. See Mot. to Dismiss at 2. DCF also contends that service did not comply with Rule 4(j)(2), which provides that, "service upon a state. . . .or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of t63he complaint to its chief executive officer. . . ." FED. R. CIV. P. 4(j)(2). Finally, DCF argues that service failed to comply with Connecticut General Statute section 52-64. That section provides that service of process in any civil action against a state defendant like DCF requires:

> (1) leaving a true and attested copy of the process, including the declaration or complaint with the Attorney General at the Attorney General's Office in Hartford, or (2) sending a true and attested copy of the process, including the summons and complaint, by certified mail, return receipt requested, to the Attorney General at the Attorney General's office in Hartford.

CONN. GEN. STAT. § 52-64.

Camblard concedes that the deadline for service was October 20, 2009, and that DCF was not properly served until November 18, 2009. See Opposition to Mot. to Dismiss (Doc. No. 11). Nonetheless, Camblard contends that there was good cause for the failure to serve and requests that the court grant an extension of time for service of thirty (30) days to encompass the date of actual, proper service.

In light of the fact that the court is allowed "discretion to permit an extension of time for service with or without good cause shown," see Henderson, 517 U.S. at 662-63, and the fact that DCF has not demonstrated that any prejudice has resulted from the service delays, the Motion to Dismiss is denied. Camblard has shown good cause for the failure to serve within the statutory period. First, Camblard served DCF in good faith by regular mail on June 23, 2009. See Opposition at 3. Although Camblard failed to cure the improper service upon becoming aware of it in July 2009, that failure was largely attributable to a major disruption within Camblard's counsel's firm, namely the death of a founding partner. Id. Upon receiving the court's notice that service was defective, Camblard immediately corrected the mistake. Id.

Upon consideration of these circumstances, and the fact that DCF has not shown that any prejudice resulted from the service delay, the court concludes that Camblard has shown good cause for failing to serve DCF within the appropriate period. The requested thirty-day extension is granted, and the Motion to Dismiss is denied.

## IV. CONCLUSION

For the foregoing reasons, DCF's Motion to Dismiss (Doc. No. 10) is **DENIED.** Dated at Bridgeport, Connecticut, this 20th day of July 2010.

**SO ORDERED.**

/s/ Janet C. Hall
Janet C. Hall
United States District Judge